Slip Op. 14-77

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| STANDARD FURNITURE MANUFACTURING CO., INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES and UNITED STATES INTERNATIONAL TRADE COMMISSION, <br><br> Defendants. | Before:  Timothy C. Stanceu, Judge <br><br> Court No. 13-00202 |

**OPINION AND ORDER**

[Denying motion to stay]

Dated: June 27, 2014

    *Jill A. Cramer*, *Kristin H. Mowry*, *Jeffrey S. Grimson*, *Sarah Wyss*, and *Rebecca M. Janz*, Mowry & Grimson, PLLC, of Washington, DC, for plaintiff.

    *Jessica R. Toplin*, Trial Attorney, and *Franklin E. White, Jr.*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant United States.  With them on the brief were *Stuart F. Delery*, Assistant Attorney General, and *Jeanne E. Davidson*, Director.

    *Neal J. Reynolds*, Assistant General Counsel for Litigation, and *Patrick V. Gallagher, Jr.*, Attorney-Advisor, Office of the General Counsel, U.S. International Trade Commission, of Washington, DC, for defendant U.S. International Trade Commission.  With them on the brief was *Dominic L. Bianchi*, General Counsel.

    Stanceu, Judge: In this action, plaintiff Standard Furniture Manufacturing Co., Inc. ("Standard") challenges certain actions by the U.S. International Trade Commission ("ITC" or the "Commission") and U.S. Customs and Border Protection ("Customs" or "CBP") that denied plaintiff benefits under the now-repealed Continued Dumping and Subsidy Offset Act of 2000

("CDSOA" or "Byrd Amendment").[1]  Specifically, plaintiff brings various statutory and as-applied constitutional challenges to the Commission's determination not to include Standard on a list of parties potentially eligible for "affected domestic producer" ("ADP") status under the CDSOA, which status could have qualified Standard for distributions of funds collected under an antidumping duty order on imports of wooden bedroom furniture from the People's Republic of China ("China").  Compl. ¶¶ 47-59 (May 14, 2013), ECF No. 4.  Plaintiff also brings various statutory and as-applied constitutional challenges to CBP's decision not to provide Standard with annual CDSOA distributions for Fiscal Year 2011 and Fiscal Year 2012.  *Id.*.

Plaintiffs request that the court stay these proceedings pending the final resolution of a petition for a writ of certiorari seeking U.S. Supreme Court review of *Ashley Furniture Indus., Inc. v. United States*, 734 F.3d 1306 (Fed. Cir. 2013) ("*Ashley II*").  Pl. Standard Furniture Mfg. Co., Inc.'s Mot. to Continue the Stay of All Proceedings 1 (Feb. 13, 2014), ECF No. 24 ("Pl.'s Stay Mot.").  Also before the court is plaintiff's motion to supplement the motion to stay with additional exhibits demonstrating the *Ashley II* appellants' intent to file a petition for a writ of certiorari at the Supreme Court.  Pl. Standard Furniture Mfg. Co., Inc.'s Mot. to Supplement its Feb. 13, 2014 Mot. to Continue the Stay of All Proceedings 1 (Mar. 13, 2014), ECF No. 26.  Defendants United States and the ITC oppose both motions.  Defs.' Resp. in Opp'n to Pl.'s Mot. to Stay 1 (Mar. 4, 2014), ECF No. 25 ("Defs.' Stay Opp'n"); Defs.' Resp. in Opp'n to Pl.'s Mot. to Supplement its Mot. to Stay 1 (Mar. 19, 2014), ECF No. 27.

---

[1] Pub. L. No. 106-387, §§ 1001-03, 114 Stat. 1549, 1549A-72-75, 19 U.S.C. § 1675c (2000), *repealed by* Deficit Reduction Act of 2005, Pub. L. 109-171, § 7601(a), 120 Stat. 4, 154 (Feb. 8, 2006; effective Oct. 1, 2007).

For the reasons discussed herein, the court denies plaintiff's motion to stay these proceedings. The court also denies as moot plaintiff's motion to supplement because the *Ashley II* appellants have filed the relevant petition with the Supreme Court.

### I. BACKGROUND

In 2003, the ITC initiated an investigation to determine whether imports of wooden bedroom furniture from China were causing or threatening to cause material injury to a domestic industry. Compl. ¶ 23. During this investigation, the ITC distributed questionnaires to potential ADPs, including Standard. *Id.* at ¶ 24. In its questionnaire responses, Standard indicated that it opposed the petition that resulted in the antidumping duty order on imports of wooden bedroom furniture from China.[2] *Id.* Subsequently, the ITC excluded Standard from the list of ADP's potentially eligible for CDSOA distributions under the order. *Id.* at ¶¶ 35, 38. On July 18, 2011, Standard filed a certification with Customs requesting CDSOA distributions for Fiscal Year 2011, which Customs subsequently denied. *Id.* at ¶¶ 8, 36-37. On July 25, 2012, Standard filed another certification with Customs, this time requesting CDSOA distributions for Fiscal Year 2012, which Customs also denied. *Id.* at ¶¶ 10, 39-40.

Plaintiff commenced this action on May 14, 2013. Summons, ECF No. 1; Compl. On May 28, 2013, the court granted defendants' unopposed motion to stay these proceedings pending issuance of a mandate by the U.S. Court of Appeals for the Federal Circuit ("Court of Appeals") in *Ashley Furniture Indus., Inc. v. United States*, CAFC Court No. 2012-1196. Order, ECF No. 11. That case concerned an appeal of this Court's decision in *Ashley Furniture Indus., Inc. v. United States*, 36 CIT __, 818 F. Supp. 2d 1355 (2012) ("*Ashley I*"), in which this Court

---

[2] *See Notice of Amended Final Determination of Sales at Less Than Fair Value & Antidumping Duty Order: Wooden Bedroom Furniture From the People's Republic of China*, 70 Fed. Reg. 329 (Dep't of Commerce Jan. 4, 2005).

dismissed a domestic wooden furniture producer's claims challenging the denial of CDSOA distributions on grounds similar to those brought by plaintiff in the instant case. On August 19, 2013, the Court of Appeals decided *Ashley II*, a consolidated opinion affirming the judgments in *Ashley I* and in *Ethan Allen Global, Inc. v. United States*, 36 CIT __, 816 F. Supp. 2d 1330 (2012), which also involved claims similar to those in the instant action. *Ashley II*, 734 F.3d at 1306. After denying petitions for rehearing en banc, the Court of Appeals issued its mandate in *Ashley II* on January 10, 2014.

Plaintiff filed its motion to stay these proceedings on February 13, 2014, Pl.'s Stay Mot. 1, which defendants oppose, Defs.' Stay Opp'n 1. On May 2, 2014, the *Ashley II* appellants filed a petition for a writ of certiorari seeking Supreme Court review of the decision by the Court of Appeals in *Ashley II*. *See* Pet. for a Writ of Certiorari, U.S. Sup. Ct. Docket No. 13-1367.

## II. Discussion

The court has jurisdiction over this matter pursuant to section 201 of the Customs Courts Act of 1980, 28 U.S.C. § 1581(i)(4) (2006). The power to stay a case "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936) ("*Landis*"). Decisions concerning when and how to stay a case rest "within the sound discretion of the trial court." *Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997) (citations omitted). In exercising that discretion, the court must "weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 257.

Plaintiff has failed to demonstrate that the circumstances of these proceedings weigh in favor of a stay. Plaintiff contends that a stay is warranted in this instance because, in plaintiff's view, the outcome of the *Ashley II* appellants' petition for a writ of certiorari "will have a direct

impact" on the above-captioned matter.  Pl.'s Stay Mot. 2.  This is because, according to plaintiff, "the factual and legal issues underlying Standard's case are substantially similar" to those addressed in *Ashley II* and the petition for a writ of certiorari "could result in a substantive opinion on the merits by the Supreme Court."  *Id.*

Plaintiff's argument that the petition "will have a direct impact" on the instant case is mere speculation.  The court can have no assurance that the Supreme Court is likely to grant the *Ashley II* appellants' petition.  Plaintiff, therefore, has not shown that a stay of this action would promote judicial economy and efficiency rather than simply cause delay.

### III.  CONCLUSION AND ORDER

Upon consideration of all papers and proceedings herein, and upon due deliberation, it is hereby

**ORDERED** that plaintiff's March 13, 2014 motion to supplement the February 13, 2014 motion to stay further proceedings in this action be, and hereby is, denied as moot; and it is further

**ORDERED** that plaintiff's February 13, 2014 motion to stay further proceedings in this action be, and hereby is, denied.

/s/ Timothy C. Stanceu
Timothy C. Stanceu
Judge

Dated: June 27, 2014
         New York, New York